

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| REGGIE JACKSON , | § | No.08-19-00260-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Two |
| KYANNE KATRINA CAVE, | § | of Travis County, Texas |
| Appellee. | § | (TC#C-1-CV-19-004699) |

## **O P I N I O N**

Appellant, Reggie Jackson, appearing *pro se*, appeals from the denial of a bill of review in which he attempted to attack a fifty-year protective order issued against him pursuant to Chapter 85 of the Texas Family Code. In addition to the bill of review, Jackson filed a motion to vacate the protective order, which the court below did not rule upon. We dismiss this appeal for lack of jurisdiction because the trial court had no jurisdiction to rule on either the bill of review or the motion.

"A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." [Internal quotation marks omitted]. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). "Because it is a direct attack, a bill of review must be filed in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill." *Id*. Here, the original protective order was issued by the County Court at Law Number Four

in *Kyanne Jackson v. Reggie Jackson*, No. C-1-CV-18-005087 (Travis Co.). But Jackson filed his bill of review in County Court at Law Number Two under a separate cause number. Because Jackson did not file the bill of review in the court that issued the protective order, the court below lacked jurisdiction to enter judgment, and instead of denying it on the merits, the trial court should have dismissed it for lack of jurisdiction.

In addition, a motion to vacate a protective order issued pursuant to Chapter 85 of the Texas Family Code and filed more than thirty days after it was rendered, must be filed in the court that issued it. Unlike general civil judgments, which become final within thirty days following their entry (absent an appeal) after which a trial court loses jurisdiction, Chapter 85 extends a trial court's jurisdiction over protective orders issued under that chapter for the limited purpose of reviewing a request to determine whether there is a continuing need for the order. Section 85.025 provides in relevant part:

> (b) A person who is the subject of a protective order may file a motion *not earlier than the first anniversary of the date on which the order was rendered* requesting that the court review the protective order and determine whether there is a continuing need for the order.
>
> (b-1) Following the filing of a motion under Subsection (b), a person who is the subject of a protective order . . . that is effective for a period that *exceeds two years* may file *not more than one subsequent motion* requesting that the court review the protective order and determine whether there is a continuing need for the order. *The subsequent motion may not be filed earlier than the first anniversary of the date on which the court rendered an order on the previous motion* by the person. [Emphasis added].

TEX.FAM.CODE ANN. § 85.025(b), (b-1). Thus, in order to invoke the trial court's extended jurisdiction for the purpose of determining whether there is a continuing need for the protective order, a movant must demonstrate as a threshold matter: (1) the protective order was rendered at least one year before the motion was filed; and (2) if the duration of the protective order exceeds

2

two years, no more than one previous motion to vacate has been filed. TEX.FAM.CODE ANN. § 85.025(b), (b-1).

Here, the fifty-year protective order was rendered against Jackson on August 3, 2018 in *Kyanne Jackson v. Reggie Jackson*, No. C-1-CV-18-005087 (Travis Co). We have reviewed the summary of events publicly available in cause number C-1-CV-18-005087 via the Travis County Clerk's website.[1] Our review indicates that on June 18, 2019, the same motion to vacate the protective order filed in this case was also filed in that case. We also note that a hearing on the motion was either scheduled/held by the trial court on July 12, 2019 and July 26, 2019, but no order disposing of the motion was entered or filed. We conclude that because the motion was filed approximately two months before the first anniversary of the date on which the order was rendered, the trial court's extended jurisdiction could not be invoked, so no order was entered. However, because Jackson's motion to vacate the protective order appears to be pending in that case and more than one year has expired since the original protective order was rendered, and it appears he has not filed more than one subsequent motion, Jackson is free to return to that court to seek relief.

For these reasons, we dismiss this appeal for lack of jurisdiction.


January 8, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[1] *See In re Johnson*, 599 S.W.3d 311, 312 (Tex.App.—Dallas 2020, orig. proceeding)(taking notice of docket sheet of trial court below); *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 853 (Tex.App.—Houston [1st Dist.] 2017, pet. denied)(taking judicial notice of docket sheet in related action).